# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Zachary Steven Naert, Respondent

Appellate Case No. 2015-001244

Opinion No. 27574
Submitted September 14, 2015 – Filed September 30, 2015

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Peter Demos Protopapas, of Rikard & Protopapas, LLC, and Michael J. Virzi, both of Columbia, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or published anonymous admonition.   He further agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within ninety (90) days of the imposition of discipline and to complete the Legal Ethics and Practice Program Ethics School and Advertising School within one (1) year of the imposition of discipline.  We accept the Agreement, issue a public reprimand, and impose conditions as hereafter stated in this opinion.  The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent and Joseph DuBois, Esquire, are partners in Naert & DuBois, LLC, a law firm handling a variety of legal matters, including timeshare litigation. In 2013, respondent created a website for the firm when the law firm opened in 2013. The website address did not contain the name of the law firm or any part of the names of the partners. In March 2013, respondent created a Google AdWords account as part of the law firm's Internet marketing campaign.

Google AdWords is an Internet marketing technique in which the advertiser places bids for "keywords." When an Internet user of particular search engines associated with Google enters an Internet search that includes words in common with the advertiser's selected keywords, the search results may or may not include the advertiser's ad amongst the list of other nonadvertising or unpaid website search results. The advertiser pays Google if the Internet user clicks on the advertiser's ad from amongst the search results.

At the time Naert & DuBois, LLC, used Google AdWords, if an advertiser's ad appeared in the search results, it appeared under the heading "Ad related to [keyword or keywords]." At that time, ads for Google AdWords could appear amongst the search results with no visible designation or delineation of an area on the webpage specifically designated for advertisement.

Naert & DuBois, LLC, has filed a number of lawsuits on behalf of clients against a timeshare company (the Company). The Company and other individuals related to the Company are represented in various capacities by Attorney A, Attorney B, and Attorney C.

Naert & DuBois, LLC, bid on the names of Attorney A, Attorney B, and Attorney C as well as the name of the Company in its list of keywords for the firm's Google AdWords campaign. The firm's advertisement appeared in some Internet search results in which Internet users entered one or more of the Attorneys' names in a Google search. The firm's advertisement read as follows:

>      Timeshare Attorney in SC - Ripped off? Lied to? Scammed?
>      Hilton Head Island, SC Free Consult

Sometimes the Attorneys' names appeared as the first result in the list of search results and, other times, the Attorneys' names appeared later in the list of search

results. Naert & DuBois, LLC, paid for its advertisement each time an Internet searcher clicked on the firm's advertisement.

Naert & Dubois, LLC, terminated bidding on the use of the Attorneys' names prior to notice of the disciplinary investigation.

Respondent admits he is the attorney responsible for the Google AdWords campaign on behalf of Naert & DuBois, LLC. He further admits the firm's advertisement did not contain his name, Mr. DuBois' name, or the name of any other lawyer responsible for the advertisement's content. Respondent agrees use of opposing counsels' names as keywords in an Internet marketing campaign in a derogatory manner violates provisions of the Lawyer's Oath.

## Law

Respondent admits that by his conduct he has violated the following provision of the Rules of Professional Conduct (RPC), Rule 407, SCACR: Rule 7.2(d) (any communication made pursuant to Rule 7, RPC, shall include the name and office address of at least one lawyer responsible for its content). Respondent further admits that, by his conduct, he violated provisions of the Lawyer's Oath contained in Rule 402(k), of the South Carolina Appellate Court Rules (SCACR) (by taking Lawyer's Oath, lawyer pledges to opposing parties and their counsel fairness, integrity, and civility in all written communications and to employ only such means consistent with trust, honor, and principles of professionalism).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate oath of office taken to practice law in this state and contained in Rule 402(k), SCACR).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Within ninety (90) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Within one (1) year of the date of this opinion, respondent shall attend and complete the Legal Ethics and Practice Program Ethics School and

Advertising School and, no later than ten (10) days after the completion of the programs, submit proof of completion to the Commission.

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**